Melissa BORCK, Plaintiff–Appellee,

v.

CITY OF LOS ANGELES, Defendant–Appellant.

No. 08–55043.

United States Court of Appeals, Ninth Circuit.

---

1. Singh does not seek review of that portion of the BIA's order denying Convention Against Torture (CAT) relief.

Submitted Dec. 10, 2008.*

Filed Dec. 12, 2008.

Joel F. Tamraz, Esq., Airport Center II, Los Angeles, CA, for Plaintiff–Appellee.

Paul Winnemore, Los Angeles City Attorney's Office City Hall East, Los Angeles, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Before: BRUNETTI and SILVERMAN, Circuit Judges, and CONLON,** District Judge.

## MEMORANDUM ***

The City of Los Angeles ("City") appeals the district court's amended order granting plaintiff Melissa Borck's motion for a new trial on the issue of damages. We have jurisdiction under 28 U.S.C. § 1292(b). We vacate and remand.

This Court reviews for an abuse of discretion an order granting a new trial under Rule 59 of the Federal Rules of Civil Procedure. *United States v. 4.0 Acres of Land,* 175 F.3d 1133, 1139 (9th Cir.1999).

The City asserts that the district court erred in granting Borck's motion for a new trial on the issue of damages because the jury did not find in Borck's favor on the issue of liability. We agree.

The court instructed the jury that to establish municipal liability under 42 U.S.C. § 1983 Borck was required to show that she was deprived of her constitutional rights and that a custom or policy of the City was the proximate cause of the deprivation. This was a correct instruction on the elements of municipal liability under § 1983. *Cornejo v. County of San Diego,* 504 F.3d 853, 855 n. 4 (9th Cir.2007) (citing *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The verdict form required the jury to answer two questions. The first question asked the jury to state whether Borck "proved, by a preponderance of the evidence, that the City of Los Angeles had a custom or policy of failing to prevent sexual discrimination, sexual harassment, or retaliation against women." The second question, which the jury was required to answer if it answered the first question affirmatively, asked the jury to state whether Borck "proved, by a preponderance of the evidence, that the custom or policy of the City of Los Angeles, by failing to prevent sexual discrimination, sexual harassment, or retaliation against women was the proximate cause of her harm or damage." The jury answered the first question affirmatively and the second question in the negative.

We determine the meaning of the verdict in light of the jury instructions. *Floyd v. Laws*, 929 F.2d 1390, 1399 (9th Cir.1991). In this case, considering the jury instructions on municipal liability and proximate cause, we conclude that the second question addressed liability, not damages. Although the second question used the word "damage," the question concerned whether Borck's injury—the deprivation of her constitutional rights—was proximately caused by the City's allegedly unlawful custom or policy, a liability question. By answering the second question in the negative, the jury found against Borck on the issue of liability. In the absence of a finding of liability, there is no basis for a new trial solely on the issue of damages. Accordingly, we vacate the order granting a new trial.

Because we vacate the new trial order, we do not reach the City's arguments that the jury's verdicts were consistent. Nor do we reach Borck's argument that the jury's verdict was clearly contrary to the weight of the evidence.

The district court's amended order granting Borck's motion for a new trial on the issue of damages is **VACATED** and the case is **REMANDED**. Each party shall bear its own costs.